UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 11-80682-CIV-MIDDLEBROOKS/JOHNSON

UNITED BULLY KENNEL CLUB, INC.,

    Plaintiff,

v.

AMERICAN BULLY KENNEL
CLUB, INC.,

    Defendant.
_____/

## OMNIBUS ORDER

THIS CAUSE comes before the Court on the following: (1) Plaintiff's Motion to Alter or Amend Order of Dismissal with Prejudice ("Order") ("Motion to Amend") (DE 42), filed October 12, 2011; (2) Defendant's Motion for Attorneys Fees (DE 44), filed October 31, 2011; and (3) Plaintiff's Motion for Leave to File a Sur-Reply in Response to Defendant's Motion for Attorneys Fees (DE 48), filed November 22, 2011. The Court has reviewed the motions and is otherwise fully advised in the premises.

In its Motion to Amend, Plaintiff moves the Court to amend its Order, which dismissed Plaintiff's Complaint with prejudice, to an Order dismissing Plaintiff's Complaint without prejudice. (*See* DE 42). Defendant opposes the Motion to Amend. After careful consideration of the Motion to Amend and Defendant's Response (DE 43), I conclude that Plaintiff's Motion to Amend should be granted. Plaintiff moves the Court to amend its Order dismissing its Complaint with prejudice pursuant to Rule 59(e) of the Federal Rules of Civil Procedure. *See* Fed. R. Civ. P. 59(e) ("Rule 59(e)"). Rule 59(e) states that "[a] motion to alter or amend a judgment must be

filed no later than 28 days after the entry of the judgment." *Id.* This Court's Order dismissing Plaintiff's claims was issued on October 4, 2011, and Plaintiff's Motion to Amend (DE 42) was filed on October 12, 2011, which is within twenty-eight days from the day this Court's Order was issued.

"The only grounds for granting a Rule 59 motion are newly-discovered evidence or manifest errors of law or fact." *Arthur v. King,* 500 F.3d 1335, 1344 (11th Cir. 2007) (quoting *In re Kellogg,* 197 F.3d 1116, 1119 (11th Cir. 1999)). "A Rule 59(e) motion cannot be used to relitigate old matters, raise argument or present evidence that could have been presented prior to the entry of judgment. *Id.* (quoting *Michael Linet, Inc. v. Village of Wellington, Fla.,* 408 F.3d 757, 763 (11th Cir. 2005)).

In the instant Motion, Plaintiff argues that its Complaint should have been dismissed without prejudice because the Court dismissed its claims solely based upon the Court's lack of personal jurisdiction over Defendant. In support of its argument, Plaintiff claims that a district court errs "when it dismisse[s] claims against [a party] with prejudice on jurisdictional grounds." *Posner v. Essex Ins. Co., Ltd,* 178 F.3d 1209, 1221 (11th Cir. 1999). Defendant responds that while most complaints should be dismissed without prejudice based upon jurisdictional grounds, a district court "may use its inherent power to dismiss a case over which it lacks jurisdiction with prejudice in extraordinary circumstances." (*See* DE 43 at 2 (citing *Mitan v. Int'l Fid. Ins. Co.,* 23 Fed. Appx. 292, 298 (6th Cir. 2001) (citations omitted)). Defendant argues that "extraordinary circumstances" in the instant case warrant this Court to deny Plaintiff's Motion to Amend because Plaintiff acted in bad faith by filing its Complaint in Florida where it clearly "knew that the Florida Court did not have jurisdiction over Defendant." (*See* DE 43 at 3). Despite Defendant's arguments to the contrary, I find that Plaintiff did not file its Complaint in bad faith.

Whether this Court had the authority to exercise personal jurisdiction over Defendant was a complicated legal question on which Eleventh Circuit case law provided little guidance.

Having considered Plaintiff's additional arguments and this Court's Order, I find a sufficient basis upon which to reverse my ruling that Plaintiff's claims should be dismissed with prejudice. By amending the Order to dismiss Plaintiff's Complaint without prejudice, the Parties are barred from relitigating the jurisdictional issue; however, Plaintiff is not precluded from raising its claims in the proper forum. *See North Georgia Elec. Membership Corp. v. City of Calhoun,* 989 F.2d 429, 432-33 (11th Cir. 1993).

Defendant's Motion for Attorneys Fees moves this Court to sanction Plaintiff for acting in bad faith by filing its Complaint in Florida, making misrepresentations to the Court, and introducing photographs of Defendant's president for the sole purpose of harassing him. (*See* DE 43 at 6-10). Before addressing the merits of Defendant's Motion for Attorneys Fees, I am compelled to point out that Defendant failed to adhere to the procedures set forth in the Local Rules. *See* S.D. Fla. L.R. 7.3 (providing the proper "mechanism to assist parties in resolving attorneys fee and costs disputes").

Despite Defendant's failure to adhere to the Local Rules, I will address the merits of its Motion for Attorneys Fees. As previously addressed, I find that Plaintiff did not act in bad faith by filing its Complaint in the Southern District of Florida. Additionally, I find that Plaintiff's president's affidavit did not make a misrepresentation to the Court. Rather, it appears Plaintiff attempted to plead claims in the alternative, which is entirely permissible. Finally, with respect to the photographs of Defendant's president, David Wilson, which "show Defendant's officers 'holding what look like bags of marijuana and making obscene gestures'" (*see* DE 43 at 8), while I find these photographs were wholly irrelevant to Plaintiff's claims, and I question Plaintiff's

motive for filing them, I find that this is not a basis for assessing Plaintiff with the cost of Defendant's attorneys fees.

Accordingly, it is hereby

**ORDERED AND ADJUDGED** as follows:

1. Plaintiff's Motion to Alter or Amend Order of Dismissal with Prejudice (DE 42) is **GRANTED**;

2. Plaintiff's Complaint is **DISMISSED WITHOUT PREJUDICE** due to lack of personal jurisdiction;

3. Defendant's Motion for Attorneys Fees (DE 44) is **DENIED**; and

4. Plaintiff's Motion for Leave to File Sur-Reply to Defendant's Motion for Attorneys Fees (DE 48) is **DENIED AS MOOT**.

**DONE AND ORDERED** in Chambers in West Palm Beach, Florida, this 14 day of December, 2011.

DONALD M. MIDDLEBROOKS
UNITED STATES DISTRICT JUDGE

cc:
Counsel of Record